UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                              No. 1:20-cr-183-03

      vs.                                      Hon. Robert J. Jonker
                                                    Chief United States District Judge

TY GERARD GARBIN,

        Defendant.
_____/

## GOVERNMENT'S MOTION FOR DOWNWARD DEPARTURE AND MEMORANDUM IN SUPPORT

May it please the Court, the United States moves for a four-level downward departure in the defendant's guideline sentencing range to recognize his substantial assistance to the government.

### FACTS

In January 2021, Garbin pled guilty to a kidnapping conspiracy in violation of 18 U.S.C. § 1201(c). (R. 86: Indictment, PageID.573; R. 143: Minutes of Change of Plea, PageID.759.) The presentence report and factual basis section of Garbin's plea agreement accurately summarize his role in the offense. (R. 214: PSR, PageID.1132-1144; R. 142: Plea Agreement, PageID.745.)

Garbin began cooperating with the government early in the case. Only 50 days passed between Garbin's preliminary examination and the proffer during which he expressed his intent to plead guilty. (R. 46: Minutes of Cont'd Prelim. Hr'g., PageID.265.) Garbin was exceptionally forthright even in his first proffer. In early sessions, Defendants sometimes minimize their own

conduct and offer only evidence they believe the government already knows. Garbin did neither of those things.

In December 2020, Garbin testified for approximately two hours. He provided a wide-ranging insider's view of the conspiracy, including valuable insight into his co-defendants' state of mind. He did not withhold inculpatory details, even though he had no plea agreement yet, and knew the information would be used to indict him. In April 2020, Garbin testified a second time. He provided detailed testimony regarding the conspirators' plans to use improvised explosive devices in furtherance of the kidnapping plot. He also provided evidence of co-defendant Harris's possession and transportation of an illegally modified semiautomatic assault rifle.

As a result of Garbin's cooperation, the government obtained a superseding indictment charging defendants Fox, Croft and Harris with conspiracy to use weapons of mass destruction; defendants Croft and Harris with possessing a destructive device; and defendant Harris with possessing an unregistered NFA weapon. (R. 172: Superseding Indictment, PageID.967-70.)

Many defendants request that their assistance remain covert until trial, or until disclosure is otherwise unavoidable. Garbin did not hesitate to reveal his cooperation to his co-defendants. Throughout the conspiracy, the participants were paranoid about operational security, and made repeated attempts to discover any "moles" within their organization. As Garbin was acutely aware, they were armed and willing to kill even law enforcement officers, making retaliation a real concern. In order to protect him from his co-defendants and others who might act independently in sympathy with their aims, Garbin was moved to a different jail pending sentencing. He remains separated as of this filing.

LAW AND ARGUMENT

Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines. USSG § 5K1.1. In determining the appropriate reduction, the court's consideration may include (but is not limited to) the following factors:

1. The court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

2. The truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

3. The nature and extent of the defendant's assistance;

4. Any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

5. The timeliness of the defendant's assistance.

*Id.*

Garbin's assistance in this matter has been significant and useful in three primary ways: First, he filled in gaps in the government's knowledge by recounting conversations and actions that did not include any government informant or ability to record. Second, he confirmed that the plot was real; not just "big talk between crackpots," as suggested by co-defendants. (*See e.g.,* R. 39: Prelim. Hr'g TR, PageID.127.) Third, he dispelled any suggestion that the conspirators were entrapped by government informants. Months before any of them began suggesting it in pretrial motions, Garbin testified that Croft and Fox were the ringleaders of the plot, and that he and the other conspirators joined it willfully.

Garbin's testimony has been corroborated by encrypted chat communications, physical surveillance, and other evidence. The evidence provided thus far has been shown to be truthful, complete, and reliable.

The extent of Garbin's assistance has also been exceptional. He has testified more than once, participated in debriefings upon request, and continues to assist as his co-defendants' trial approaches.

Finally, Garbin has assumed significant risk by cooperating. The separation from his co-defendants has ameliorated the short-term danger of direct retaliation. The prison system, however, is filled with other parties motivated to harm him. These include boogaloo adherents and sympathizers, who might attack him for ideological reasons. Others may want to enhance their own status or reputation by assaulting a cooperator in a nationally high-profile case. In short, Garbin willingly put a target on his back to begin his own redemption.

## CONCLUSION

Garbin's cooperation has been timely, comprehensive, and instrumental in obtaining two indictments. At substantial risk to his own safety, he significantly strengthened the government's case. Granting this motion will not only reward Garbin, but will hopefully encourage others to emulate his display of personal responsibility.

WHEREFORE, the government requests this Court grant the defendant a four-level downward departure pursuant to USSG § 5K1.1.

                                                Respectfully submitted,

                                                ANDREW BYERLY BIRGE
                                                United States Attorney

                                                */s/ Nils R. Kessler*

Dated: 8/18/2021                          NILS R. KESSLER
                                                Assistant United States Attorney
                                                P.O. Box 208
                                                Grand Rapids, MI 49501-0208
                                                (616) 456-2404